## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| GALE HUTCHINSON a/k/a CORBETT HUTCHINSON, | § | No. |
| Plaintiff, | § | |
| v. | § | |
| COMMERCIAL RECOVERY SYSTEMS, INC., | § | |
| Defendant. | § | |

### VERIFIED COMPLAINT

GALE HUTCHINSON a/k/a CORBETT HUTCHINSON, (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Plano, Collin County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is an alleged debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national debt collection company with its main office located in Dallas, Texas.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt allegedly owed by Plaintiff.

11. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

12. On or around June 14, 2013 Plaintiff spoke to Defendant's representative, "Tony Johnson" in a telephone conversation.

13. In the course of the telephone conversation on or around June 14, 2013, Defendant's representative, "Tony Johnson," said that Plaintiff was "insane"

14. On or around June 14, 2013 Plaintiff spoke to Defendant's representative, "Tony Nadal" in a telephone conversation

15. In the course of the telephone conversation on or around June 14, 2013, Defendant's representative, "Tony Nadal" falsely represented that he was an attorney.

16. In the course of the telephone conversation on or around June 14, 2013, Defendant's representative, "Tony Nadal" falsely threatened to file a criminal case against Plaintiff.

17. As a result of Defendant's harassment and deceptive threats, Plaintiff suffered embarrassment, humiliation, emotional distress, anguish and mental suffering. When Defendant calls Plaintiff, Plaintiff feels stress, aggravation, anguish, and anxiety.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging on conduct the natural consequence of which was to harass, oppress, and/or abuse Plaintiff;

    b. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt;

    c. Defendant violated §1692e (3) of the FDCPA by falsely representing and/or implying that Defendant's representative was an attorney;

    d. Defendant violated §1692e(5) of the FDCPA by falsely threatening to initiate criminal proceedings against Plainitff;

    e. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, GALE HUTCHINSON a/k/a CORBETT HUTCHINSON, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. for the following:

19. Actual damages to compensate Plaintiff for his embarrassment, humiliation, mental anguish, emotional distress, anxiety, inconvenience, and the disruption of his day caused by Defendants in an amount to be determined by the trier of fact pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692;

20. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

Dated: September 16, 2013        By: /s/ Ryan Lee
                                                Ryan S. Lee
                                                Krohn & Moss, Ltd
                                                10474 Santa Monica Blvd.
                                                Suite 405
                                                Los Angeles, CA 90025
                                                (323) 988-2400 x241
                                                (866) 861-1390 (fax)
                                                Email: rlee@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

    Plaintiff, GALE HUTCHINSON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, GALE HUTCHINSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

07/24/2013
_____            _____
       Date                                                GALE HUTCHINSON